UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VICTOR GARCIA VILLARREAL,
#88984-179,

        Petitioner,

v.                                                 ACTION NO. 2:17cv533

ERIC WILSON,
Warden,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. It was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

The undersigned recommends that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because it does not satisfy the requirements for the "savings clause" in 28 U.S.C. § 2255(e).

## I.   STATEMENT OF THE CASE

### A.   Background

Petitioner, Victor Garcia Villarreal ("Villarreal"), is a federal prisoner convicted and sentenced in the Northern District of Florida.[1]  No. 5:98cr28, ECF No. 74.  On April 1, 2008, a federal grand jury indicted Villarreal, in a second superseding indictment, on charges of conspiracy to distribute more than 1,000 kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii), and possession with intent to distribute more than 100 kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii).  No. 5:98cr28, ECF No. 41 at 1–2.  On September 8, 2008, Villarreal entered a conditional guilty plea to the conspiracy charge in count one.  No. 5:98cr28, ECF Nos. 74, 77.  During the plea colloquy, Villarreal reserved the right to assert a violation of his constitutional right to a speedy trial,[2] but he waived all other defenses and admitted that he was involved in a conspiracy to distribute more than 1,000 kilograms of marijuana.  No. 5:98cr28, ECF No. 77 at 13.

The court sentenced Villarreal on March 5, 2009, to serve 328 months in prison, and entered judgment on his convictions on March 10, 2009.  No. 5:98cr28, ECF Nos. 91, 93.[3]  In

---

[1] Villarreal is currently incarcerated in federal prison in McRae, Georgia.  At the time he filed his petition, he was incarcerated in Petersburg, Virginia, and the petition was properly filed in the district of confinement.  *See* 28 U.S.C. § 2241(a); *United States v. Poole*, 531 F.3d 263, 270–71 (4th Cir. 2008).

[2] Villarreal's speedy trial claim was premised upon the length of delay between his indictment in July 1998, and his arrest in January 2008.  *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010).

[3] Section 841(b)(1)(A)(vii) of Title 21, United States Code, requires that a person violating section 841(a) whose crime involved "1000 kilograms or more of a mixture or substance containing a detectable amount of marihuana . . . shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ."  21 U.S.C. § 841(b)(1)(A)(vii) (2008).

2

arriving at this sentence, the district court made the following factual findings: that more than 10,000 kilograms of marijuana were attributable to Villarreal, that he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," and that he possessed a firearm in connection with the offense. *United States v. Villarreal*, 613 F.3d 1344, 1358–60 (11th Cir. 2010). The resulting advisory guideline range was 292 to 365 months' imprisonment. *Id.* at 1349.

On March 16, 2009, Villarreal noted an appeal. No. 5:98cr28, ECF No. 96. On August 13, 2010, the United States Court of Appeals for the Eleventh Circuit rejected Villarreal's challenges to the procedural and substantive reasonableness of his sentence, and to the district court's denial of his motion to dismiss the indictment against him on grounds that the government deprived him of his constitutional right to a speedy trial. No. 5:98cr28, ECF No. 113; *Villarreal*, 613 F.3d at 1360.

Villarreal filed a "motion for deposition under Rule[] 30(b)(6) of civil procedure for subject matter jurisdiction to compel the court and the government to remove all unconstitutional enhancements or dismiss indictment on procedure error of violation of Sixth Amendment right to a speedy trial" on May 12, 2014. No. 5:98cv28, ECF No. 178 (capitalization altered). On May 23, 2014, the Northern District of Florida denied Villarreal's motion finding the Federal Rules of Civil Procedure were inapplicable to his criminal case, and further finding that, "if I construe Defendant's motion as a [motion to vacate] under Title 28, United States Code, § 2255, Defendant is time-barred from seeking such relief." No. 5:98cr28, ECF No. 180.[4]

---

[4] Villarreal also filed two motions to modify or reduce sentence under 18 U.S.C. § 3582(c)(2). No. 5:98cr28, ECF Nos. 187, 188. On September 7, 2015, the district court entered an order reducing Villarreal's sentence to the greater of 235 months or time served, under United States Sentencing Guidelines Amendment 782. 5:98cr28, ECF No. 211.

3

Villarreal filed a motion to vacate his sentence under 28 U.S.C. § 2255 on October 27, 2014, alleging government misconduct in failing to make the analyst who prepared the laboratory reports available for cross examination; ineffective assistance of counsel due to counsel's failure to petition the Court of Appeals for the Eleventh Circuit for a rehearing or petition the Supreme Court of the United States for a writ of certiorari; violation of his right to a speedy trial; and, Fifth and Sixth Amendment violations during sentencing. ECF No. 5:98cr28, ECF No. 185 at 5–6. The magistrate judge issued a report and recommendation on February 12, 2015, recommending that the section 2255 motion be dismissed as untimely. No. 5:98cr28, ECF No. 189. Villarreal filed a "petition for rehearing and petition/motion for deposition under Rule[] 30(b)(6)," as well as filing objections to the report and recommendation. No. 5:98cr28, ECF Nos. 190, 191 (capitalization altered). On June 13, 2015, the district court adopted the magistrate judge's report and recommendation and denied Villarreal's section 2255 motion as untimely, as well as denying the motion for rehearing. ECF No. 5:98cr28, ECF Nos. 189, 198. On February 12, 2016, the Court of Appeals for the Eleventh Circuit denied Villarreal a certificate of appealability, finding that his section 2255 motion was time-barred and that he was not entitled to equitable tolling. No. 5:98cr28, ECF No. 216 at 3–5.

The Court of Appeals for the Eleventh Circuit denied Villarreal's application for leave to file a second or successive section 2255 motion on May 23, 2016. No. 5:98cr28, ECF No. 222. Nevertheless, on May 31, 2016, Villarreal filed a second motion to vacate sentence pursuant to 28 U.S.C. § 2255. No. 5:98cr28, ECF No. 223. The same day, the magistrate judge filed a report and recommendation finding that the court lacked jurisdiction to consider the successive petition, due to the court of appeals' denial of authorization to file a successive motion. No. 5:98cr28, ECF No. 224.

On June 8, 2016, Villarreal filed his third motion to vacate sentence pursuant to 28 U.S.C. § 2255, which appears to be a copy of his second motion to vacate sentence. No. 5:98cr28, ECF No. 225. He filed an objection, on June 17, 2016, to the magistrate's report and recommendation recommending that his second section 2255 petition be dismissed without prejudice as successive. No. 5:98cr28, ECF No. 226. On June 28, 2016, the district court adopted the report and recommendation and denied Villarreal's second section 2255 motion, as well as denying his third section 2255 motion. No. 5:98cr28, ECF No. 227.

The Court of Appeals for the Eleventh Circuit denied Villarreal's application to file a successive section 2255 motion on August 30, 2016. No. 5:98cr28, ECF No. 229.

On October 11, 2017, Villarreal filed a petition pursuant to 28 U.S.C. § 2241 in this Court. ECF No. 1. By response dated March 8, 2018, the United States requested dismissal of the petition. ECF No. 5. Villarreal has not filed a reply, and the matter is now ripe for decision.

**B.     Grounds Alleged**

In his petition pursuant to section 2241, Villarreal alleges: (1) his trial counsel was ineffective for failing to object to unsubstantiated and unreliable evidence regarding the amount of drugs and Villarreal's participation in the alleged conspiracy; (2) he was not advised of the potential for deportation when he entered his guilty plea; (3) the trial court committed plain error when giving Villareal a two-point sentence enhancement for weapons; (4) his appellate counsel was ineffective for failing to include "all plain errors" in the appeal; (5) his trial counsel was ineffective for advising Villarreal that he would receive a three-point reduction for acceptance of responsibility; and (6) 28 U.S.C. § 2255 is unconstitutional and unavailable to Villarreal because it was never signed into law by Harry S. Truman. ECF No. 1 at 5.

5

Villarreal seeks to pursue this section 2241 claim pursuant to the "savings clause" of 28 U.S.C. § 2255(e), asserting section 2255 is inadequate and ineffective to challenge these errors due to his prior trial and appellate counsel's ineffectiveness. *Id.* at 5–6.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Villarreal's petition challenges the lawfulness of the sentence imposed, rather than its execution. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255.").

In spite of this, Villarreal argues that 28 U.S.C. § 2255 allows him to seek relief pursuant to section 2241 because his section 2255 motions were time-barred, depriving him of any review of his claims.[5] ECF No. 1 at 6; *see* 28 U.S.C. § 2255(f) (noting that "[a] 1-year period of limitation shall apply to a motion under this section"). Typically, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 may be used only to challenge the manner in which a sentence is executed. *Provenzale v. United States*, 388 F. App'x 285, 286 (4th Cir. 2010) ("A federal prisoner . . . who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence."); *Vial*, 115 F.3d at 1194 n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). However, the so-called "savings clause" in 28 U.S.C. § 2255(e) also provides an option for the federal prisoner to challenge the legality of his conviction by means of a section 2241 habeas petition. Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized

---

[5] Villarreal asserts that his ineffective assistance of counsel claims were time-barred because he did not have the assistance of counsel during the section 2255 process. ECF No. 1 at 6.

6

to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. This test provides a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress. *Id.* at 333 n.3.

In addition, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citing *Jones*, 226 F.3d at 333–34 & n.3; *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016); *Brown v. Caraway*, 719 F.3d 583, 586 (7th

Cir. 2013)). A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the 2255 remedy rests with the petitioner.").

Villarreal's petition—which attacks his sentence on procedural and substantive grounds, alleges ineffective assistance of counsel, asserts he was not advised of the potential for deportation prior to entering into a plea agreement, and asserts section 2255 is unconstitutional, ECF No. 1 at 5—does not fall within section 2255's savings clause. The only case Villarreal cites with respect to his claims is *Alleyne*. In *Alleyne*, 570 U.S. 99 (2013), the Supreme Court addressed the distinction between a defendant's mandatory minimum sentence for using or brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). 133 S. Ct. at 2155-56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163; *see also Wheeler*, 886 F.3d at 430 (observing that "[a]n increase in the congressionally mandated sentencing floor implicates separation of powers principles and due process rights fundamental to our justice system").

Villarreal asserts that his sentence enhancements violate *Alleyne*, and that his trial counsel was ineffective due to his failure to object to evidence introduced in violation of *Alleyne*, such as evidence of a firearm, the amount of drugs involved, and his alleged role or participation in the conspiracy. ECF No. 1 at 5. *Alleyne* does not apply to Villarreal's claims, because his sentence enhancements did not raise the mandatory minimum sentence he could receive, but only increased his guideline range. *See United States v. Eccleston*, 615 F. App'x 767, 791 (4th Cir. 2015) (holding *Alleyne* did not apply to the defendant's case because the amount of cocaine attributable to him did not increase his mandatory minimum); *United States v. Benn*, 572 F. App'x 167, 179–

80 (4th Cir. 2014) (holding that *Alleyne* did not apply because "[t]he district court's drug quantity determinations at sentencing did not increase Appellants' statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges"); *United States v. Juarez-Sanchez*, 558 F. App'x 840, 843 (10th Cir. 2014) (holding *Alleyne* did not apply where defendant's mandatory minimum sentence was not increased by the finding that he was an organizer or leader in the conspiracy); *United States v. Peters*, No. 3:08cr186, 2015 WL 749448, at *11 (E.D. Va. Feb. 20, 2015) (denying as futile an attempt to amend to add claims under *Alleyne* because *Alleyne* does not apply to sentence enhancements due to prior convictions).

In addition, *Alleyne* is not retroactively applicable to cases on collateral review. *United States v. Stewart*, 2013 WL 5397401, at *1 n.* (4th Cir. Sep. 27, 2013); *See also Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015); *Butterworth v. Unites States*, 775 F.3d 459, 468 (1st Cir. 2015); *United States v. Olvera*, 775 F.3d 726, 731 (5th Cir. 2015); *United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014); *Hughes v. United States*, 770 F.3d 814, 818–19 (9th Cir. 2014); *In re Mazzio*, 756 F.3d 487, 489–91 (6th Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 92 (2nd Cir. 2013); *Welch v. United States*, No. CR 2:06-00191, 2018 WL 5316034, at *4 (S.D. W.Va. Sept. 12, 2018), *report and recommendation adopted,* No. 2:06-CR-0191, 2018 WL 5316007 (S.D. W.Va. Oct. 25, 2018); *Ramseur v. United States*, No. 5:11cv75, 2014 WL 4854642, at *5 (W.D. N.C. Sept. 29, 2014); *Barren v. United States*, Civ. No. PJM 13-1824, 2014 WL 4299092, at *7 (D. Md. Aug. 29, 2014); *Ferranti v. United States*, No. 1:91cr337, 2014 WL 296794, at *2 (E.D. Va. June 30, 2014). With respect to his claims based on *Alleyne*, Villarreal cannot meet his burden of proving the second prong of *Wheeler*, that following his direct appeal and first section 2255 motion, "settled substantive law changed and was deemed to apply

9

retroactively on collateral review." *Wheeler*, 886 F.3d at 429; *see also Moore v. Kallis*, No. 2:17cv109, 2018 WL 3763004, at *2–3 (N.D.W. Va. Aug. 8, 2018) (affirming the magistrate judge's finding that petitioner could not meet the second prong of the *Wheeler* test because *Alleyne* does not apply retroactively on collateral review). The savings clause does not apply to Villarreal's *Alleyne* claims.

In addition, the savings clause does not apply to those claims Villarreal raises in addition to his *Alleyne* claims. Villarreal asserts that he was not advised of the potential for deportation when he entered his guilty plea in violation of "several recent Supreme Court decisions." ECF No. 1 at 5. In *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), the United States Supreme Court found that "counsel must inform her client whether his plea carries a risk of deportation" and failure to do so constitutes ineffective assistance. This decision was issued on March 31, 2010, prior to Villarreal's conviction becoming final. Villarreal could have raised this claim in a timely filed motion under section 2255. Accordingly, section 2255 was not inadequate or ineffective for addressing this claim.

In his remaining claims, Villarreal alleges that appellate counsel was ineffective for failing to include all errors in the appeal, and section 2255 is unconstitutional and unavailable because it was never signed into law. Villarreal fails to identify for either claim a change in the settled substantive law, which occurred after his appeal and first section 2255 motion and is deemed to apply retroactively on collateral review, making either his conviction or sentence unconstitutional. *See Jones*, 226 F.3d at 333–34; *Wheeler*, 886 F.3d at 429.

Accordingly, due to Villarreal's failure to satisfy the predicates needed to invoke the savings clause as required by *Jones* and *Wheeler*, the Court lacks jurisdiction over his section 2241

petition and it is subject to dismissal without prejudice.[6]

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Villarreal's petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

---

[6] *Galloway v. United States*, No. 2:16cv348, 2016 WL 8943463, at *2–3 (E.D. Va. Oct. 4, 2016), *aff'd as modified*, 685 F. App'x 181, 181 (4th Cir. 2017) (upholding a lower court's ruling that it lacked subject matter jurisdiction over defendant's claims under section 2241 due to failure to satisfy the *Jones* test, but modifying the dismissal to one without prejudice); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

11

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 21, 2018